<div style="border:1px solid black">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2556-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

REGINALD V. BROWN, a/k/a
REGINAL V. BROWN and
REGINALD BROWN-BEY,

    Defendant-Appellant.

_____

           Submitted September 24, 2019 – Decided October 3, 2019

           Before Judges Hoffman and Currier.

           On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-05-0090.

           Joseph E. Krakora, Public Defender, attorney for appellant (Rasheedah R. Terry, Designated Counsel, on the brief).

           Gurbir S. Grewal, Attorney General, attorney for respondent (Lila Bagwell Leonard, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

On October 6, 2017, the Law Division denied defendant's petition for post-conviction relief (PCR) without an evidentiary hearing.

Defendant filed this appeal and raises the following arguments:

POINT I.   THE PCR COURT'S ORDER THAT DENIED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF MUST BE REVERSED OR THE MATTER REMANDED BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDING BELOW

   A.   Trial Counsel Provided Ineffective Assistance of Counsel Because Counsel Failed to Object to the Improper Opinion Testimony Provided by Detective Dorothy Quinn
   B.   Trial Counsel's Lack of Preparation Resulted in the Loss of a Strategic Advantage of Proceeding to Trial without The State's Expert
   C.   Post-Conviction Relief Counsel Provided Ineffective Assistance of Counsel To The Extent They Failed To Raise The Claims Set Forth Above In The Proceedings Below.

POINT II.   THE PCR COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE PROCEDURAL BAR CONTAINED IN R. 3:22-5 TO DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

POINT III.   THE PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

Finding no merit in these arguments, we affirm the denial of PCR.

2                                          A-2556-17T4

I

On October 18, 2011, police arrived at defendant's home and executed a warrant in search of cocaine and weapons. Defendant resided in the single-family residence with his girlfriend E.S.,[1] their son, and E.S.'s son from another relationship. The house belonged to defendant's mother until her death in 2008. The house has four bedrooms, including a master bedroom on the second floor. When the police arrived, defendant was outside of his house talking to S.R.

Upon entering defendant's house, police found two scales on the kitchen counter. They further found in the master bedroom a cooler containing 430 pills of oxycodone, 2.57 grams of cocaine, a loaded .25 caliber semi-automatic handgun, a loaded .22 caliber revolver, a disassembled .25 caliber semi-automatic handgun and a pen gun. Also, police found multiple unlabeled orange prescription bottles containing alprazolam (Xanax) pills, 5.87 grams of crack cocaine and color tinted bags. After securing the premises, police searched S.R. and found .29 grams of cocaine in a color tinted Ziploc bag, similar to the bags found in the master bedroom.

Thereafter, a Camden County grand jury returned Indictment No. 12-05-0090, charging defendant with second-degree possession of more than one

---

[1] We use initials to protect the privacy of witnesses.

A-2556-17T4

ounce of oxycodone with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 5(b)(4) (count one); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 5(b)(3) (count two); third-degree possession of at least five doses of alprazolam without a prescription, N.J.S.A. 2C:35-10.5(a)(3) (count three); second-degree possession of a firearm during commission of a drug crime, N.J.S.A. 2C:39-4.1(a) (count four); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count five).

The trial judge adjourned the initial trial date because defendant failed to timely provide witness information during discovery. The day before the rescheduled trial date, defendant moved to suppress the testimony of the State's narcotics-transactions expert, Special Agent Daniel Brown, citing the State's failure to provide his expert report. Initially, the judge granted the motion; however, he vacated the suppression the next day, over defendant's objection, and postponed the trial, after concluding the additional time to prepare for trial would benefit both sides.

At trial, Detective Dorothy Quinn testified to the jar and scales found in defendant's home. Specifically, when asked why she confiscated the scales and jars, she testified the scales were "consistent with evidence of narcotics distribution, narcotics packaging, narcotics usage . . . [and] based on my

4

knowledge, training and experience, scales like this are utilized to weigh narcotics." She also stated the jars "[u]sually . . . [are] utilized to [hold] narcotics. Primarily this specific [type of] jar, based on my training and experience . . . is [used to hold] marijuana." Defense counsel failed to object to this testimony, even though the State had not qualified her as an expert.

The State then presented the testimony of Special Agent Brown, after first qualifying him as an expert in drug distribution. Based on the quantity of pills and cocaine as well as the presence of packaging materials, firearms and scales, he opined the narcotics found in the house were consistent with distribution rather than personal use.

Defense counsel attempted to cast doubt on whether the drugs actually belonged to defendant by presenting the testimony of E.S., who testified that she and defendant moved into the master bedroom just one month before the search. She recounted that the bedroom still contained some belongings of defendant's mother, including drugs prescribed for her. She also said the house was a "party house," where friends came and went as they pleased, regardless of whether defendant was home.

After the jury found defendant guilty of all counts, the trial court initially sentenced defendant to an aggregated term of twenty-three years of incarceration

 A-2556-17T4

with eleven-and-one-half years of parole ineligibility. The trial court then amended its judgment of conviction to clarify that count four was to run consecutively to count one but concurrently with count five. Although this amendment did not change the aggregate sentence, it effectively increased defendant's mandatory minimum time by two years.

On defendant's direct appeal, we affirmed his judgment of conviction. State v. Brown, No. A-4320-12 (App. Div. Nov. 16, 2015) (slip op.). While we concluded that Detective Quinn's opinion testimony exceeded the scope of ordinary lay opinion testimony because the State never qualified her as an expert in narcotics distribution or packaging, we found the improper testimony was harmless since essentially the same expert testimony was properly provided by Special Agent Brown, who was qualified as an expert in narcotics transactions. Id. at 18. We also declined to set aside the verdict based on procedural or substantive grounds, finding the record "adequately support[ed]" defendant possessed the drugs and guns discovered in the master bedroom of defendant's house. Id. at 20.

After hearing oral argument, the PCR judge issued an oral opinion denying defendant's petition. He initially considered whether Rule 3:22-4 or Rule 3:22-5 barred defendant's PCR petition and concluded "the ineffective

counsel claim in its entirety is not procedurally barred nor does the State contest . . . the petition on procedural grounds."  Based on this ruling, defendant's Point II clearly lacks merit.

The judge proceeded to address all of defendant's claims that his counsel provided ineffective assistance, including the failure to object to the improper opinion testimony of Detective Quinn.  Assuming the failure to object to this testimony was "objectively unreasonable," the judge concluded "the error clearly did not satisfy prong two of the Strickland test."  The judge agreed with our previous ruling that found Detective Quinn's testimony harmless because Special Agent Brown's testimony provided the same information "regardless of whether . . . Detective Quinn was allowed to testify."  The judge explained, "[h]earing the testimony from two experts cannot be considered a mistake which would have changed the outcome of the trial."

The PCR judge further ruled that even if the court accepted all of defendant's ineffective assistance arguments as true, defendant could not satisfy the second prong of Strickland v. Washington, 466 U.S. 668, 687 (1984).  He denied defendant an evidentiary hearing pursuant to State v. Cummings, 184 N.J. 84 (2005), because defendant did not present a prima facie claim of ineffective assistance of counsel.

II

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694). To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147

(2011)).  To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record."  R. 3:22-10(b).  "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits."  State v. Marshall, 148 N.J. 89, 158 (1997).  Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

A

Defendant argues his trial counsel provided ineffective assistance by failing to object to Detective Quinn's expert opinion testimony, and asserts this "improper testimony played a significant role in bringing about his conviction." Like the PCR judge, we find the failure to object to this testimony was "objectively unreasonable."  We also agree with the judge's finding that the error clearly does not satisfy prong two of the Strickland test.

Detective Quinn's testimony corresponded with the testimony of Special Agent Brown, who was properly qualified as an expert and spoke to his knowledge and experience regarding packaging of narcotics. Thus, regardless of defense counsel's failure to object to Detective Quinn's improper opinion testimony, the jury heard essentially the same testimony from Special Agent Brown. We find no basis to conclude that Detective Quinn's improper expert testimony affected the outcome of the case. As such, even if defense counsel was deficient, defendant failed to prove defense counsel's "deficient performance prejudiced [him.]" Strickland, 466 U.S. at 687.

B

Defendant next argues his counsel failed to prepare for trial on October 23, 2012. As a result, he contends "the court delayed the trial and the defense lost the strategic advantage of proceeding to trial without the State's expert witness." We conclude this argument is barred on this appeal because it was not presented to the PCR judge. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, even if we consider the argument, it clearly lacks merit.

The trial judge adjourned trial to accommodate both parties and specifically noted the adjournment ensured defendant's Sixth Amendment right to effective assistance of counsel. The record reveals the deputy attorney

10

general received the case after his colleague went on maternity leave and defense counsel received the case only one week prior to trial because the former attorney had medical issues. The additional time permitted defendant to obtain the grand jury transcript and video camera footage from his house that allegedly contained exculpatory evidence. Therefore, notwithstanding defendant's objections, the adjournment could have strengthened his case. Moreover, the delay did not constitute ineffective assistance of counsel because defendant failed to set forth facts proving the delay undermined confidence in the outcome of the trial. Stickland, 466 U.S. at 694.

C

Defendant also argues that PCR counsel provided ineffective assistance by failing to assert trial counsel's lack of preparation as an additional basis for asserting that trial counsel provided ineffective assistance. We decline to consider in this appeal defendant's arguments regarding the performance of PCR counsel because arguments that were not previously raised before the PCR court, "are [not] jurisdictional in nature, or substantially implicate the public interest." Nieder, 62 N.J. at 234.

D

Lastly, defendant argues the PCR judge abused his discretion when he denied his request for an evidentiary hearing. The record amply supports the PCR judge's findings and conclusions. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice. Having failed to establish a prima facie case, defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462. Accordingly, we conclude the PCR court did not abuse its discretion in denying an evidentiary hearing.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2556-17T4